Hand-Delivered

FILED
CHARLOTTE, NC

NOV 07 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KAREN BATTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 3:24-cv-987-FDW |
| ) | |
| WELLS FARGO BANK, N.A. ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff, by and through the counsel, and complaining of the Defendant, alleges as follows:

### NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 USC §2000e et. seq., and 42 USC § 1981 eq. seq.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Karen Batten, is a citizen and resident of Harrisburg, Cabarrus County, North Carolina.

3. Plaintiff is an African-American woman.

4. Defendant, Wells Fargo Bank, N.A.is a Foreign banking association operating in North Carolina, and may be served with process through its registered agent, Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

1

Case 3:24-cv-00987-FDW-SCR    Document 1    Filed 11/07/24    Page 1 of 8

5. Defendant was an "employer" as defined by 42 U.S.C. 2000e(b) at all times relevant to this Complaint.

6. Plaintiff was an "employee" as defined by 42 U.S.C. 2000e(f) t all time relevant to this Complaint,

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendant is subject to the personal jurisdiction of this Court, and because the acts giving rise to this action occurred in this District.

## ALLEGATIONS

9. Plaintiff Karen Batten (hereinafter "Batten" or "Plaintiff") was been employed by Defendant, Wells Fargo Bank, N.A. (hereinafter "Wells Fargo" or "Defendant"), between 2019 and 2022.

10. For the first two years of her employment at Wells Fargo, Batten was supervised by Syed Medhi.

11. During Mr. Medhi's supervision of Batten, she was consistently rated at a "Meets Expectations" level and received large bonuses.

12. In 2021, Jennifer Detrano became Batten's supervisor.

13. Also in 2021, Detrano promoted Batten to Lead Scrum Master, which included a significant salary increase.

14. Beginning in May 2022, Detrano realigned the teams in her department, including Batten.

15. Detrano rated Batten at a "Meets Expectations" level in her Mid-Year Performance Review at the end of July 2022. In this review, Detrano spoke glowingly of Batten and her job performance.

16. During her employment with Wells Fargo prior to September 2022, Batten received recognition from management and colleagues for her excellent work. She also had good interaction and feedback on her work performance from Detrano, who often asked Batten for her input and guidance on work matters.

17. However, during the summer of 2022, Batten began experiencing discrimination and harassment based on her race. In September 2022, Batten filed a complaint against Detrano with Human Resources regarding this discrimination and harassment.

18. Almost immediately thereafter, Detrano began treating Batten poorly, including blaming her for things in the office because Batten had "made noise" with her HR complaint.

19. Also in October 2022, Detrano removes Batten as the Lead Scrum Master for her existing team and places her under the supervision of another group leader.

20. On January 23, 2023, Batten received a rating of "Inconsistently Meets Expectations" from Detrano on her 2022 End of Year Performance Review.

21. Batten's white colleagues were not subjected to this same treatment. They were not removed as team leaders or receive a poor review.

22. Despite her reports to Wells Fargo, they took no action to address her concerns or correct the disparate treatment, intolerable working conditions, or retaliation.

23. This discrimination, retaliation, and the intolerable working conditions led Batten to believe that she had no reasonable alternative but to resign on April 7, 2023.

24. On or about April 18, 2023, Batten filed a charge against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit A.)

25. Batten was issued a Notice of Right to Sue with a mailing date of August 9, 2024. (A copy of that Notice, with personal information redacted is attached hereto as Exhibit B.)

26. This action is filed within ninety (90) days of Batten's receipt of the Notice of Right to Sue from the EEOC.

## FIRST CLAIM FOR RELIEF
### (Retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq.)

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint.

28. Plaintiff complained to Defendant about the unlawful employment practices of her supervisor. This complaint to Defendant constitutes legally protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.

29. Defendant's negative employment actions and harassment towards Plaintiff was due to her legally protected activity and was unlawful retaliation, and any of Defendant's reasons for Plaintiff's treatment are pretext to cover for unlawful retaliation.

30. Defendant's retaliation against Plaintiff resulted in her constructive discharge causing Plaintiff damages including economic damages such as lost wages

31. Defendant's retaliation against Plaintiff for engaging in legally protected activities violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.

32. Defendant's violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. caused Plaintiff damage, including but not limited to great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

33. Defendant's treatment towards Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. caused Plaintiff injuries including but not limited to pecuniary damages, and emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

34.     Therefore, Plaintiff sues Defendant for unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e, et seq.

## SECOND CLAIM FOR RELIEF
### (Racial Discrimination under 42 U.S.C. § 1981 and Title VII 42 U.S.C. § 2000e et. seq.)

35.     Plaintiff incorporates by reference the allegations of paragraph 1 through 34 of the Complaint.

36.     Plaintiff is black, and Defendant's conduct described herein was directed to Plaintiff because of her race in violation of 42 U.S.C. § 1981 and Title VII.

37.     Defendant's discrimination of Plaintiff in violation of 42 U.S.C. § 1981 and Title VII caused Plaintiff injuries including, but not limited to, losses in wages, salary and benefits and emotional distress.

38.     Defendant's action in terminating Plaintiff was intentional, willful, and in reckless disregard to Plaintiff's rights.

39.     Therefore, Plaintiff sues Defendant for violation of 42 U.S.C. § 1981 and Title VII 42 U.S.C. § 2000 et. seq.

## THIRD CLAIM FOR RELIEF
### (Harassment under 42 U.S.C. § 1981 and Title VII 42 U.S.C. § 2000e et. seq)

40.     Plaintiff incorporates by reference the allegations of paragraph 1 through 39 of the complaint.

41.     Plaintiff is black, and Defendant's conduct described herein was directed to Plaintiff because of her race and prior protected activity.

42.     The conduct directed toward Plaintiff due to her race and prior protected activity was severe or pervasive, unwelcome, subjectively and objectively offensive constituting unlawful harassment.

5

43. Defendant's subjection of Plaintiff to unlawful harassment caused Plaintiff's damages, including but not limited to great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish.

44. Defendant's actions in unlawfully harassing Plaintiff was intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justify awarding punitive damages.

45. Therefore, Plaintiff sues for harassment in violation of 42 U.S.C. § 1981 and Title VII 42 U.S.C. § 2000e et. seq.

## FOURTH CLAIM FOR RELIEF
### (Constructive Discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq.*, and 42 U.S.C. § 1981)

46. Plaintiff incorporates by reference the allegations of paragraphs 1 through 45 of this complaint.

47. During the course of her employment with Defendant, Plaintiff was subjected to unlawful discrimination and harassment based on her race and prior protected activity.

48. The ongoing harassment was unwelcome, severe or pervasive, objectively and subjectively offensive to Plaintiff, altered the terms and condition of Plaintiff's employment, and unreasonably interfered with her work.

49. The unlawful discrimination and harassment of Plaintiff created an intolerable workplace environment.

50. Defendant failed to take appropriate action to end the discrimination and harassment in the face of Plaintiff's complaints, which resulted in her being constructively discharged.

51. The unlawful discrimination and harassment would have caused any reasonable employee to resign.

52. Defendants' subjection of Plaintiff to unlawful discrimination and harassment caused Plaintiff's damages, including but not limited to lost wages and benefits, great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish.

53. Defendants' actions in unlawfully discriminating and harassing Plaintiff was intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justify awarding punitive damages.

54. Therefore, Plaintiff sues Defendant for constructive discharge in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e *et. seq* and 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for pecuniary damages including, as appropriate lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions as alleged herein.

C. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

D. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs, including attorneys' fees.

E. This matter be tried by a jury.

F. The judgment bear interest at the legal rate from the date of filing this action until paid.

G. Defendant be taxed with the costs of this action; and

H. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted, this the 7th day of November, 2024.

By: *Karen L Batten*
Karen L. Batten, *Pro Se*
4615 Ardmore Lane
HARRISBURG, NC 28075
kbatten629@gmail.com
704-840-2328

8

Case 3:24-cv-00987-FDW-SCR    Document 1    Filed 11/07/24    Page 8 of 8